**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Securities and Exchange Commission,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Jacob C. Glick,<br><br>　　　　　　Defendant. | No. CV-21-00075-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff Securities and Exchange Commission's ("SEC") Motion for Summary Judgment (Doc. 34). Plaintiff filed its Motion for Summary Judgment on July 1, 2022. The time to respond has passed, and Defendant Jacob C. Glick has filed no Response. As a result, Plaintiff has also filed a request that the Court grant its summary judgment motion (Doc. 37).

Federal Rule of Civil Procedure 56(e) provides that, when a party "fails to properly address another party's assertion of fact as required by Rule 56(c)," the Court may "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Local Rule 56.1 provides the specific manner in which litigants are required to set forth material facts. And Local Rule 7.2(i) states that the Court may deem the failure to file a required answering memorandum as consent to the granting of the motion, allowing the Court to dispose of the motion summarily.

In its Motion for Summary Judgment (Doc. 34), Plaintiff has provided evidence supporting each element of its claims that Defendant violated (1) Section 206(1) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-6(1); (2) Section 206(2) of the Advisers Act, 15 U.S.C. § 80b-6(2); (3) Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15. U.S.C. § 78j(b) and Rule 10b-5(b) thereunder, 17 C.F.R. § 240.10b-5(b); (4) Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5(a) and 10b-5(c) thereunder, 17 C.F.R. §§ 240.10b-5(a) & 240.10b-5(c); and (5) Section 204 of the Advisers Act, 15 U.S.C. § 80b-4, and Rule 204-2 thereunder, 17 C.F.R. § 275.204-2, by aiding and abetting. Plaintiff also requests that the Court permanently enjoin Defendant and his agents from violating the aforementioned statutes and regulations, pursuant to Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d) and Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9, which provide that when the evidence establishes a reasonable likelihood of a future violation of the securities laws, a permanent injunction shall be granted in enforcement actions brought by the SEC. *See SEC v. Fehn*, 97 F.3d 1276 (9th Cir. 1996). To determine whether such an injunction is appropriate, the Court considers the degree of scienter involved; the isolated or recurrent nature of the infractions; the defendant's recognition of the wrongful nature of his conduct; the likelihood that, based on the defendant's occupation, future violations might occur; and the sincerity of the defendant's assurances against future violations. *Id.* As Plaintiff demonstrates, Defendant committed numerous violations and caused investors to incur hefty losses in a short period of time. Plaintiff has shown that Defendant acted with a high degree of scienter over a period of several years, has not seriously recognized the wrongful nature of his conduct, and given Defendant's age and extensive securities training, future violations are likely to occur. Further, Defendant has not provided any concrete assurances against future violations; indeed, Defendant failed to even respond to the SEC's Motion for Summary Judgment. For these reasons, the Court finds all the factors laid out in *SEC v. Fehn* weigh in favor of a permanent injunction. *Id.*

Defendant's failure to proffer any evidence in response renders Plaintiff's evidence undisputed, and the Court deems Defendant's failure to file a response brief to Plaintiff's motion as consent to the granting of the motion. The Court will therefore grant Plaintiff's motion and enter judgment in its favor. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988) (affirming district court's grant of summary judgment where an applicable local rule required the nonmoving party to "list genuine issues with appropriate record citations in order to withstand the motion for summary judgment," which the nonmoving party failed to do).

**IT IS THEREFORE ORDERED** granting Plaintiff SEC's Motion for Summary Judgment (Doc. 34).

**IT IS FURTHER ORDERED** permanently enjoining Defendant Jacob C. Glick and his agents from violating (1) Section 206(1) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-6(1); (2) Section 206(2) of the Advisers Act, 15 U.S.C. § 80b-6(2); (3) Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15. U.S.C. § 78j(b) and Rule 10b-5(b) thereunder, 17 C.F.R. § 240.10b-5(b); (4) Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5(a) and 10b-5(c) thereunder, 17 C.F.R. §§ 240.10b-5(a) & 240.10b-5(c); and (5) Section 204 of the Advisers Act, 15 U.S.C. § 80b-4, and Rule 204-2 thereunder, 17 C.F.R. § 275.204-2, by aiding and abetting.

**IT IS FURTHER ORDERED** that, by **September 13, 2022**, Plaintiff may file a motion for remedies and any associated documents in support of its motion. The Court will enter final judgment after it reaches a decision regarding remedies.

Dated this 15th day of August, 2022.

Honorable John J. Tuchi
United States District Judge